UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL COLUMBUS HILL,

                Petitioner,

-vs-                                              Case No.  8:10-cv-1132-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

      This cause is before the Court on Petitioner Samuel Columbus Hill's untimely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus.  Hill challenges his conviction and sentence entered by the Fifth Judicial Circuit, Hernando County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

## FACTUAL AND PROCEDURAL HISTORY

      Hill was charged by information with: 1) Attempted First Degree Murder with a Firearm; 2) Armed Burglary with a Firearm; 3) Possession of a Firearm by a Convicted Felon; and 4) Possession of a Firearm while Engaged in a Criminal Offense. (App. A). Count three was severed for trial. (App. B). A jury trial was held on April 28-30 and May 1-2, 2003. (App. C). The jury found Hill guilty as charged. (App. D). The jury made special findings on Counts 1 and 2 -- that Hill possessed a firearm during the offense. (App. D).

      Hill was sentenced to 16.65 years incarceration on Counts One and Two. The three-year minimum mandatory sentence was imposed on Count Two. Hill was not sentenced on Count Three due to the three-year minimum mandatory sentence on Count Two, and the State *nolle*

*prossed* that count. (App. E, F). The sentence on Count Two runs concurrent to the sentence on Count One but consecutive to an active federal sentence (App. F).[1]

Hill filed a timely notice of appeal. (App. G). The Public Defender submitted a brief raising two grounds for appellate review: 1) the trial judge abused his discretion in denying the motion for continuance; and 2) the trial court erred in denying the motion for judgment of acquittal. (App. H). The State filed an answer brief. (App. I). On May 25, 2004, the state district court of appeal *per curiam* affirmed Hill's judgment and sentence. (App. J); *Hill v. State*, 873 So. 2d 1234 (Fla. 5th DCA 2004)(table). The mandate issued June 11, 2004. (App. K).

On May 11, 2006, Hill signed[2] a Rule 3.850 motion for post-conviction relief which was filed in the state trial court. (App. L).   Hill alleged six grounds for relief: 1) counsel was ineffective for failing to introduce available alibi evidence and for failing to secure additional alibi evidence that could have been introduced; 2) counsel was ineffective for failing to effectively impeach James McHargue regarding the questionable circumstances surrounding McHargue's identification of Hill as his assailant; 3) counsel was ineffective for failing to present the testimony of two United States Attorneys, whose testimony would have destroyed the credibility of the State's jailhouse informant; 4) counsel was ineffective for failing to present additional

_____

[1] Hill's 28 U.S.C. § 2255 motion challenging his federal sentence was denied.  (See copy of order denying the motion to vacate attached as Exhibit 1).  The Eleventh Circuit dismissed Hill's appeal of the denial of relief for want of prosecution in Case Number 8:97-cr-313-25EAJ at Doc. 204.

[2] *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)(Under the "mailbox rule," a *pro se* prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing."); *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000). All further references to the filing date of *pro se* pleadings by Petitioner Hill will be the filing date under the mailbox rule.

evidence to impeach the informant's credibility by presenting credible witnesses and government documents that contradicted the informant's testimony; 5A) the prosecutor committed prosecutorial misconduct for failing to correct the allegedly false testimony of Agent Duralia regarding the credibility of the jailhouse informant; and 5B) the prosecutor committed prosecutorial misconduct in misleading the jury by telling them in closing argument that the credibility of the jailhouse informant was "not an issue" for the federal prosecutors. (App. L). The trial court summarily denied grounds two, three, and five (a) and (b) with attachments, and set an evidentiary hearing on grounds one and four. (App. M-N).

An evidentiary hearing was held on December 20, 2007, at which Hill was represented by counsel. (App. O). The hearing was continued on March 20, 2008. (App. P). On December 19, 2008, the state trial court denied Hill's Rule 3.850 motion for postconviction relief. (App. S). Hill filed a timely notice of appeal. (App. T).

On September 15, 2009, the state district court of appeal *per curiam* affirmed the denial of Hill's Rule 3.850 motion for post-conviction relief. (App. X); *Hill v. State*, 17 So. 3d 1240 (Fla. 5th DCA 2009)(table). The mandate issued October 7, 2009. (App. Y).

Hill filed the instant federal habeas petition on May 12, 2010, raising five grounds for relief: 1) trial counsel was ineffective for failing to investigate and introduce available alibi evidence at trial and failing to secure additional alibi evidence; 2) trial counsel was ineffective for failing to impeach the prison jailhouse informant, Paul Detwiller, about his established lack of credibility with the federal prosecutorial authorities as well as with information regarding the nature of the relationship between Detwiller and Hill; 3) counsel was ineffective for failing to present the testimony of two U.S. Attorneys whose testimony would have destroyed the credibility of the State's jailhouse informant; 4) prosecutorial misconduct for Assistant State

Attorney Cato to permit false testimony by Agent Duralia to stand uncorrected; and 5) prosecutorial misconduct for Assistant State Attorney Cato to argue in summation facts he knew to be untrue. (Doc. 1, pg. 3).

EXHAUSTION/PROCEDURAL DEFAULT/PROCEDURAL BAR

There are two prerequisites to a federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which were allegedly violated," and (2) "the applicant must have presented his claims in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 578-79 (11th Cir. 1995)(citations omitted). Although it appears that all of Hill's grounds were raised in Hill's Rule 3.850 motion for post-conviction relief, Hill only appealed the denial of grounds one and four of the Rule 3.850 motion for postconviction relief.[3]  These are grounds one and two in the present federal petition.

Under Florida law, Hill waived the remainder of the postconviction claims. *See Marshal v. State*, 854 So. 2d 1235 (Fla. 2003)(defendant waives 3.850 claims when he fails to raise them in his appeal). As Hill failed to apprise the appellate court of his challenge to the trial court's rulings on the remainder of his postconviction claims, grounds three through five of the present federal petition are unexhausted.

Hill Cannot Return to State Court To Exhaust His Claims

Hill took a direct appeal and filed a Rule 3.850 motion for postconviction relief.  Because more than two years have passed since his conviction became final, Hill would be barred from

---

[3] Grounds one and four of the motion for postconviction relief are the same as grounds one and two that Hill raised in his appeal of the denial of Rule 3.850 relief in state court.

filing any successive Rule 3.850 motion or an appeal of the denial of the motion,[4] and grounds three, four, and five of the present federal habeas corpus petition are procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)(when the petitioner fails to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claim procedurally barred, then there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims).

When a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice will occur if the federal court does not consider the claim. *Coleman, supra*, at 2565. Hill has failed to allege or establish cause and prejudice for his procedural default. Hill's *pro se* status does not constitute cause for his procedural default. *See McCoy v. Newsome*, 953 F.2d 1252 (11th Cir. 1992)*; Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990). Likewise, there has been no showing  that a fundamental miscarriage of justice will result if Hill's claim is not addressed on its merits. *McClesky v. Zant*, 499 U.S. 467, 495 (1991).   There has been no colorable showing that Hill is factually innocent. *McClesky v. Zant, supra*.

## HILL'S PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (the "AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

---

[4] Florida has a two year statute of limitations for commencing state collateral proceedings under Rule 3.850. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990).

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Given Hill's allegations and the record in this case, it is clear that his conviction became final on **August 3, 2004**, ninety days after the state district court of appeal affirmed his judgment and sentence on May 25, 2004. Hill had until **August 3, 2005,** to file a timely federal petition.

The one-year time limitation had expired on August 3, 2005, and no time remained to be tolled when Hill filed his first and only state court post-conviction pleading on May 11, 2006.[5] *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)(properly filed state court collateral pleading filed after expiration of limitations period cannot toll that period because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)(even "properly filed" state court petitions must be "pending" in order to toll the limitations period). Once the one-year period expired, Hill could not restart the clock.

Hill has failed to allege or demonstrate any "extraordinary circumstances" that would support tolling of the one-year period of limitation. A petitioner is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[5] May 11, 2006, was 281 days past the date on which Hill could have filed a timely federal habeas corpus petition.

circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006). The petitioner must establish the entitlement to equitable tolling. Courts should "take seriously Congress's desire to accelerate the federal habeas process, and [should] only authorize extensions when this high hurdle is surmounted." *Balagula v. United States*, 73 F.Supp.2d 287 (E.D. N.Y. 1999); *Torres v. Miller*, 1999 WL 714349 (S.D. N.Y. 1999). Considering this high hurdle and the facts presented here, Hill has failed either to allege or to demonstrate extraordinary circumstances preventing his filing his federal habeas petition in a timely fashion.

In his reply, Hill contends that the one-year limitation period should run from the time all state court remedies are exhausted.  As demonstrated by citation to the case law above, this is not the law in the Eleventh Circuit.

CONCLUSION

The present petition is untimely filed under the ADEPA, and Hill has not demonstrated or even alleged that equitable tolling applies, that he is actually innocent, or that he meets the exceptions under section 2244(d)(1)(B)-(D).

Accordingly, the Court orders:

That Hill's petition is denied as untimely.  The Clerk is directed to enter judgment against Hill and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner

has failed to make a substantial showing of the denial of a constitutional right as required by

28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled

to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 19, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Samuel Columbus Hill